IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOUIS LaTWAIN EDWARDS, JR.,  No. 2:16-CV-2217-CMK-P

    Petitioner,

  vs.  ORDER

SALAZAR,

    Respondent.

_____/

    Petitioner, who is proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

    On January 24, 2017, the court directed petitioner to submit either a completed application for leave to proceed in forma pauperis or the full filing fee for this action within 30 days. Petitioner was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. As of June 9, 2017, petitioner had not complied and the court directed petitioner to show cause why this action should not be dismissed. Petitioner was once again warned that failure to comply

could result in dismissal of the entire action. To date, petitioner has neither resolved the fee status for this case nor responded to the court's June 9, 2017, order to show cause.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules. See Ghazali, 46 F.3d at 53.

In this case, petitioner's failure to resolve the fee status as well as his failure to respond to court orders, both weigh in favor of dismissal as an appropriate sanction. Specifically, the public's interest in expeditious resolution of this case is thwarted by petitioner's failure to comply with court rules and orders because the case cannot move forward until the fee status is resolved. Likewise, petitioner's non-compliance interferes with the court's ability to manage it's docket and public policy favoring dispositions on the merits. Finally, less drastic sanctions were provided in the form of several warnings to petitioner regarding the ramifications of non-compliance.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

 1. This action is dismissed without prejudice for failure to comply with court rules and orders; and

 2. The Clerk of the court is directed to enter judgment and close this file.

DATED: October 4, 2017

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE